UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUS BIESENBACH, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 23-cv-03423-DMR <br><br> **ORDER ON MOTION TO REMAND** <br><br> Re: Dkt. No. 6 |

Self-represented Plaintiff Klaus Biesenbach filed this action in San Francisco County Superior Court against Defendants City and County of San Francisco, San Francisco Police Department, and Adult Protective Services ("City Defendants"), San Francisco Housing Authority, and Pilsner Inn. [Docket No. 1, Ex. A ("Compl.").] City Defendants removed based on federal jurisdiction. [Docket No. 1 ("Notice of Removal").] Plaintiff now moves to remand the case to state court.[1] [Docket Nos. 6 ("Mot."), 16 ("Reply").] City Defendants oppose remand. [Docket No. 15 ("Opp'n").] This matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.    BACKGROUND**

On June 8, 2023, Plaintiff filed his complaint in state court alleging negligence (first cause of action), violation of the Bane Act, California Civil Code § 52.1 (second cause of action), and violation of Marsy's Law, California Constitution Article I, section 28 (third cause of action)

---

[1] On July 27, 2023, 13 days after filing his motion to remand, Plaintiff filed a "Memorandum of Points in Support of Motion to Remand" along with two attachments that appear connected to a criminal case in San Francisco County Superior Court. [Docket No. 14.] Plaintiff was not authorized to file an additional brief. In any event, the filing does not make any arguments related to the motion to remand. Accordingly, the court does not consider it.

against all Defendants. The complaint also alleges a violation of federal Due Process against San Francisco Housing Authority (fourth cause of action), and assault and battery against Pilsner Inn and City Defendants (fifth cause of action).

City Defendants removed the case on July 10, 2023. The Notice of Removal was purportedly filed by City Defendants in addition to San Francisco Housing Authority. *See* Notice of Removal at 1. Three days after the Notice of Removal was filed, City Defendants filed a Notice of Errata, advising that San Francisco Housing Authority was not a party to the Notice of Removal. [Docket No. 5.]

Plaintiff now moves to remand the case to San Francisco Superior Court. San Francisco Housing Authority and Pilsner Inn first appeared in this court after the July 28, 2023 deadline to respond to the motion. San Francisco Housing Authority appeared on August 21, 2023, while Pilsner Inn appeared on September 1, 2023. On October 17, 2023, San Francisco Housing Authority joined in City Defendants' opposition to Plaintiff's motion to remand. [Docket No. 51.] Pilsner Inn did not join in the Notice of Removal, nor has it joined in the opposition to remand.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331, 1332.

"The[] statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). However, there is a "strong presumption against removal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 885 (9th Cir. 2006). The removing defendant bears the burden of establishing by a preponderance of the evidence that removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.   DISCUSSION

The court first analyzes whether City Defendants' removal was procedurally defective. "All defendants who have been 'properly . . . served in the action' must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (citations omitted). The removing party has the burden "to explain affirmatively the absence of any co-defendants in the notice of removal." *Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *2 (N.D. Cal. May 17, 2018) (quoting *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006). In this case, neither San Francisco Housing Authority nor Pilsner Inn joined in the petition for removal. San Francisco Housing Authority subsequently joined in the opposition to Plaintiff's motion to remand, but Pilsner Inn did not.

City Defendants' Notice of Removal asserts that "[a]lthough the Underlying Action also names the Pilsner Inn as a defendant, according to the California Superior Court's Register of Action, that defendant has not appeared or been served as of the date this Notice of Removal is being filed." Notice of Removal ¶ 4. However, Plaintiff submitted the proof of service for Pilsner Inn, which indicates that Pilsner Inn was personally served on June 29, 2023 at 225 Church Street by the San Francisco County Sheriff's Department. Mot. at 3, Ex. C.

City Defendants do not dispute that Pilsner Inn was properly served. *See* Opp'n at 4-5 (arguing instead that Plaintiff did not file the proof of service with the San Francisco Superior Court or otherwise inform the City Defendants that service was effected on other defendants before the Notice of Removal was filed); [*see also* Docket No. 15-1 (Jose Zelidon-Zepeda Decl., July 28, 2023) ¶ 3 (acknowledging that Sheriff's Department confirmed service was effected after

3

1  Plaintiff filed his motion to remand).] Pilsner Inn has not consented to removal as of the date of
2  this order. Accordingly, City Defendants' Notice of Removal is procedurally defective. *See*
3  *Obeso v. Nat'l R.R. Passenger Corp.*, No. 23-CV-02793-SVK, 2023 WL 6278880, at *2 (N.D.
4  Cal. Sept. 25, 2023) (holding that procedural defect in notice of removal remains defective where
5  some but not all properly served defendants consented to removal).

6       City Defendants appear to argue that removal should be permitted because they exercised
7  "reasonable diligence" but nevertheless failed to determine that Pilsner Inn had been properly
8  served. *See* Opp'n at 5. They explain that before filing the Notice of Removal, they "reviewed
9  the online Register of Action . . . in the San Francisco Superior Court to ascertain whether any
10 other defendant had been served or entered an appearance." *Id.*

11      City Defendants do not cite any legal authority to support their argument. In addition,
12 courts in this district routinely have held that due diligence is lacking when removing defendants
13 merely reference the state-court docket for proofs of service as to co-defendants. *See Obeso*, 2023
14 WL 6278880, at *2 (collecting cases requiring defendants to contact plaintiff's counsel and/or co-
15 defendants).[2]

16      The record shows City Defendants took minimal steps to ascertain whether Pilsner Inn was
17 served prior to removal. The court therefore finds that they failed to exercise due diligence. As
18 Pilsner Inn was properly served prior to removal, City Defendants' failure to obtain its consent
19 prior to removal renders the Notice of Removal defective. In light of this finding, the court need
20 not address whether the complaint asserts a federal question.

21 //
22 //
23 //
24 //
25 //

---

[2] While the City Defendants note that they attempted to contact Pilsner Inn multiple times "to ascertain its views on removal," they only did so *after* filing the Notice of Removal. *See* Opp'n at 5; Zelidon-Zepeda Decl. ¶ 4.

//

## IV.  CONCLUSION

For the foregoing reasons, the court grants Plaintiff's motion to remand the case to the San Francisco County Superior Court and closes this case.[3]

**IT IS SO ORDERED.**

Dated: October 18, 2023

_____
Donna M. Ryu
Chief Magistrate Judge

---

[3] The parties' additional motions are denied as moot. [*See* Docket Nos. 7, 17, 28, 30, 45.]

5